Case No. 15-7080 et al., Jeffrey M. Camarda et al., Appellants v. Certified Financial Planner Board of Standards, Inc. Mr. York for the appellants, Mr. Gordon for the appellees. Good evening. Mr. York, we'll hear from you. The court has conferred and the court does not see a need to close the courtroom. So if the parties can limit their submissions to material that's unsealed, please do that per the letters back and forth between you. And, of course, you can always make a generic reference or something of that sort if need be. But we have taken the sealed materials under due consideration and we'll, of course, consider them in pronouncing our judgment in the case. Thank you, Your Honor. May I begin? Please. Good afternoon. I'm Jeff York representing the appellants. This case- You're premature. It's 7 minutes to 12. Good morning. Good morning, Your Honor. The fundamental error by- I got the point, though. I'm sorry? I got the point. Very good. Now I'm covered both ways, I guess. The fundamental error below by the court in exercising its gatekeeper function under Rule 56 of the Federal Rules of Civil Procedure was that the court applied a D.C. principle of law. D.C. law applies in this case pursuant to the contract between the parties. But a D.C. principle of law and a series of cases that apply them to essentially rule against the appellants on their contractual claims. The case, the seminal case cited was the Levant case. It's a 2000 case out of the D.C. Court of Appeals. Let's assume you're correct. Well, Levant doesn't apply to this situation because it's not a membership organization. We got that. What are your material facts in dispute in this case? The material- Don't talk generically. What specific material facts are in dispute? The material facts in dispute are that the process and the exercise of the contractual provision that is in the contract that says that the board will exercise the disciplinary proceedings in all aspects of the rules of conduct and the other things that are attached and form part of the contract, that it will exercise that with fairness to all. That's the jury question? Yes, sir. Fairness to all. That's a material fact in dispute? That sounds like a legal issue to me. I'm looking for the material facts in dispute. The material facts in dispute are, well, some of the evidence that is sealed, which I can't refer to- Well, you can refer to it in generic terms. Say A or B or C. We'll know what you mean. The evidence of selective enforcement. I'll use that term because the court used it. The selective enforcement evidence that's before the court, that was before the court, that was to be viewed in a light most favorable to the appellants is a- What that evidence means is in dispute. The fact that your clients were the first targeted for this enforcement proceeding. Correct. Why is that a material fact? Everybody agrees on that. Well, it's- That's not a fact in dispute. Maybe the facts are not in dispute. Maybe what they mean- Well, the facts are not in dispute. It's strictly a legal question in which one objection to a summary judgment is put aside. Then you can argue the judge is wrong as a matter of law, but there are not material facts in dispute. The only thing I would say to that is that there are two statements in the memorandum of opinion where the judge says that there was no evidence to support this or no evidence to support that. That is in dispute, and that is one of our grounds for error, that the court did not apply the summary judgment standard correctly in viewing- Which evidence are you talking about? The evidence put forward in- I don't know in what specific you're referring to the district judge's opinion. What statement of the district judge are you referring to? Regarding the selective enforcement evidence? Well, no, wait a minute. As far as I can tell- Well, whether the district judge referred to evidence or not, it looks to me like it's strictly a legal judgment with respect to undisputed facts throughout. I don't believe there's any dispute over the facts in the record. As part of our appeal, one of the grounds for our appeal is that the judge did not give- did not view the facts put forward as counter evidence by the appellants. I don't see that this is an evidentiary question. It's strictly a legal question. What evidentiary question is in dispute? Between the parties, none. Okay, then let's not talk about evidentiary questions because they're not in dispute. What is your legal argument? Okay, my legal argument goes to the application of the Levant case and the other cases. Let's assume you're right, and I think you make an interesting argument. Levant dealt with membership. This is not a membership. This is a contract, a business contract. Okay. And what is your argument as to why the district court's judgment, which let's assume it's a question of law, is wrong? Because the court entered summary judgment on that principle of law, saying that this is a voluntary organization case, and the court's not going to look into it.  Let's stop for a second. Let's assume the district judge is wrong in stating that this was a voluntary membership organization like Levant. But the district judge said a number of other things, and we have, if there's no material facts of dispute, it's an issue of law de novo. Now, why do you win on the question of issue of law de novo? Because if I win if— No, no, how do you win? What's your argument? My argument is that if the court determines that Levant was applied or misapplied, then the court— But it doesn't matter if the judge might have pressed the wrong button, but is right nevertheless, because we agree with him as a matter of de novo legal review. Well, there's no other grounds to dispose of the breach of contract action other than selective enforcement. Well, suppose we conclude there is nothing we can see. You rely largely on APA grounds, administrative procedure grounds, which wouldn't even bind an agency. Selective enforcement arguments don't work against an agency. They can always pick some target first, some adjudicatory target first, usually a weak target who won't fight back too hard, but that's legal. So why should this organization behave any differently? This is not that—this is not an APA case. This is not an APA case. No, I know it's not APA, but the arguments in your brief sort of mirror APA, but they don't even work as a matter of APA. So what is your legal argument that says that this organization could not proceed through adjudication against your client as the first case? Because they did not apply the process fairly to them. Why? What did they do? Because they singled them out. So what happens is that the first case is always a singled out? The evidence—and I can't discuss it, but the evidence is— Is it? The reason—it goes back to trial. If the court disposes of Levant, it goes back to trial to be tried. I don't see that. No, I don't think that's right because even in Levant, even if you write about Levant's threshold applicability, there's still— and under Levant itself, actually, there's still the question of whether the contract terms were complied with. Right. So you have to show—you may be right about Levant's threshold applicability, but then you still have to go and show that something happened in the process that's not consistent with the deal that you struck in the contract. I understand that, and that's what I'm getting at. It's an express contractual provision that the CFP board wrote into the contract that says we will—it's an express covenant of good faith. That's what we're traveling under. That's what we're traveling under to say that the evidence— Your biggest argument is it's in bad faith to go after your client first. It is for the reasons that are in the evidence before the court. It's sealed. Well, you can make reference. I don't see where there's any problem. The best argument you have is that somebody said your client was obstreperous or something like that. Who else made waves? There's two things. They didn't apply their—even the rules and regulations they set up for themselves to govern their own internal disciplinary proceedings. They didn't follow those. I can't say why because it's sealed. But the more important thing is that the evidence— Can I just make sure that we're clear on the housekeeping rules here? But I thought that you and Appalese had reached agreement that pretty much everything could be unsealed except for some references to third parties, right? That is in a portion of the record. The subject for the motion that's unsealed that I filed was the opposition, summary judgment opposition, our statement of facts that are in dispute, and the underlying exhibits are not agreed upon to be unsealed. CFP Board wants those continued to be—they want us to keep those sealed. Well, except I think their only objection that they represented in their letter is just to reference to third parties. Everything else they're okay with unsealing. So you can refer to the third parties in A, B, and C. That's not accurate. I apologize to the Court, but that's not— There's the opposition and the statement of material facts, and there are redactions to it, but a good portion of that that is discussed in the briefs and in the underlying opposition to summary judgment was— I'm reading the—I hate getting mired in this debate, but August 30th letter from Holland and Knight, Counsel for Certified Financial Planner Board, says, CFP Board agrees that a statement of material facts and any other confidential material that relates to the conduct of the disciplinary proceedings against the appellants should be unsealed with minor redactions to protect the privacy of third parties and can be discussed during oral argument. Is that— That's the solution, Your Honor. Then—and it seems to me that it's— I don't see what your problem is, Counsel. Okay. Then the evidence that I would point to is pages 77 through 90 of the appendix, which goes through the fee-only rule or definition—it was actually a definition— there are—I just confirmed with the opposing counsel, there are portions of that that he is still maintaining as sealed. So it is that—that is the evidence that I'm referring to, the evidence of bad faith and evidence of exercising that provision where they say we'll give everybody a fair shake in this process that we contractually set up. That is actionable. So if you get beyond Levant, it goes back down for trial. Why was it unfair? It was unfair because they were singled out and— That's your key to your case. Well, it's— But that happens every time. An agency seeks to enforce. Somebody is—if it's an adjudicatory process, somebody is picked first. It was also unfair and it was not supported. The rules don't support the way that they— Your basic argument that their position with respect to how you advertise yourself when you're double-breasted, which is a labor term that you use— you have both commissioned operations and non-commissioned operations, that their basic position is wrong, that you can't advertise yourself as both? I don't think we need anything else other than breach of contract to show that it's unfair. Is your position they're wrong on the basic merits? Yes. Why should we agree with you? What's wrong with their position? Their position is our members must be careful not to mix up consumers to suggest that they are engaged in commission activities as well as fee activities. And you can't set up two corporations operating out of the same auspices, one doing commission and one doing fee. Why is that an unreasonable position? It's an unreasonable position because it's not what happened in this case. First of all, it's not clear. The rules—and that's shown in the evidence, too—that the rules, anything concerning fee only, is not clear what you can and can't do. And that's been the subject of press reports as far as what you can and can't do under their fee only definition. So all we're saying is that the CFP board hauled the appellants, singled them out as a test case or to serve as an example, and didn't prosecute others. And that's all we're saying. That should be entitled to its day in court. And they argued in their summary judgment motion. They came to the court and said, you can't hear any of this because of Levant. And the court said, you're right, Levant. So we're going to this court saying no to Levant. But that doesn't mean that we got our day in court on the merits of the case. It was a gatekeeper function. So if Levant doesn't apply, then respectfully the case should go back for trial, at least on the breach of contract case. So it wasn't a summary judgment foreclosing the missions. Your argument, counsel, of course, is a matter of D.C. law, right? Because that's what you're bound by. Yes, Your Honor. And you're arguing that Levant doesn't apply. Is there any case that does apply? This is the problem. In D.C.? Just what it takes to establish a breach of contract claim. Well, that's pretty general. You don't have any case that comes close to this situation? There's no standard-setting organization case or anything like that. Why didn't you bring your cause of action in the district court, in the local courts? Why didn't we? Yeah. We had a choice between federal and state court, and we decided federal. I know, but you're forcing the federal courts to try to decide a matter of D.C. law, which you think is uncertain. Well, there was diversity grounds for jurisdiction. I understand, but you're asking for you could get caught with a certification over to the D.C. Court of Appeals. I understand that. Okay, well, I'm having difficulty seeing how you have a major substantive claim of bad faith. Well, again, and respectfully, that would be for the dating court and the district court. And we didn't get to that point. That's all we're saying. In the evidence, you know, let me also say about Levan, the other reason that it doesn't apply is that there is an economic interest at stake here. So this case is far afield of those cases, and it's also far afield of the APA cases that you mentioned. It's in the middle. So what law applies? I say general breach of contract cases that say they breached their duty to give us a fair process, which is an express provision of the contract. There's evidence of that. It should go. It shouldn't be subject to summary judgment on breach of contract for the grounds that the appellee brought below. And, again, there are – well, let me move to the selective enforcement issue, because it's another legal issue that the court cited to one case, and it was a Coriat case, and it's not even a – it was a district court of Massachusetts, to conclude that there's not a selective enforcement rule governing private parties' contractual rights. That is a cite to that one case, and it simply does not say what the district court said. It doesn't say that. There's no – why couldn't you have a breach of a good faith covenant, which is what we have here, by saying that a contracting party that set up this whole disciplinary process is applying it unfairly in one case and not in others? That's the whole nature of a breach of contract and breach of the express covenant of good faith case. The Coriat case is simply – it's just – it's not even – it's not D.C. law, and it's a sound bite from that case that shouldn't govern here, and there are no other cases that say that selective – that proposition. You should have – selective enforcement can be a species of bad faith. Nobody would suggest that you can't bring a cause of action for breach of contract for violating a duty of good faith, whether it's implied or expressed, and that's all we're saying. So as a matter of law, the second grounds for the court's ruling and dismissing or disposing of the summary of the breach of contract claims would be because that Coriat case doesn't apply and there's no principle of law that says you can't have selective enforcement. Lastly, unfair competition. For the same reasons, the court disposed of this – this is the one tort claim that we brought – disposed of that by citing to one case, the thermal design case, to say that you have to have competitors. Again, D.C. law knows, and there's cases cited in the briefs, how flexible that tort is in D.C. and in other states' laws it is as well. In the federal system, which is where this case comes from, the Seventh Circuit, the thermal design case, they're not applying D.C. law, but also it doesn't say that you can't have an unfair competition claim if you don't have it between competitors. In that case, it was a standard-setting organization. And in that case, the standard-setting – the court simply said the standard-setting organization couldn't be liable because – couldn't be liable because the actions of its members couldn't be attributed to it. It wasn't that you can't have an unfair competition claim because this is a standard-setting organization in which the plaintiff is a member as opposed to two direct competitors. So the case doesn't even say that. It also cites to a hydro-level Supreme Court case and distinguishes it. That's 1982 United States Supreme Court case where there was a standard-setting organization. In that case, that tortious conduct was held in similar circumstances to be actionable. And the thermal design case distinguished it. So thermal design does not stand for that proposition that the court cited it for, that you can't have – The gravimony or position in this court of appeals, key to your case, is that it was unfair in violation of various legal documents to proceed selectively against your claim. And the rules of conduct were applied unfairly to him within the context of this whole fee-only dispute. Yes, that's it. Thank you. Thank you. May it please the Court. The appellants, the Camardens, have approached this case before this court as though it were a common-law due process case. But the significant fact in the record is that at the end of the discovery period, they dismissed – they filed an amended complaint in which they jettisoned the common-law due process claim that they had originally pled. And they went forward only on a breach of contract claim. This was clearly a tactical decision on their part. The law for a breach of contract in the District of Columbia is well-established. Camardens fail to identify any provision, any contractual right that was breached by CFP Board, which followed its rules essentially to the letter in its discipline of them. The three issues that the Camardens identified in their brief all amount to nothing. One was that Mr. Zajac, the prosecutor in the case, acted as a prosecutor and advocated. This was all done in open court. They complain about some ministerial contacts he had with the deciding body in terms of simply getting their decision out. They next complain that at the appeals level, that the members of the appeals committee, the five members that heard their appeal, were aware that they had complained that other people were engaging in the same sort of conduct as they were and were going unpunished. As we note in the brief, what happened factually was that CFP Board appointed an independent commission to look into that and that, in fact, disciplinary proceedings did ensue. Including the chairman? That's correct, Your Honor. Can I mention his name? His name is in the public record. It's been publicized. It's Goldfarb, right? Yes, that's correct, Your Honor. And beyond that, they say that these people should have been accused. That's not an example of hoist on your own petard. I think it is, Your Honor. And so they complain that these people, whom they'd infertuned for months to go look at these others, should have been recused themselves from ruling on their appeal. Now, mind you, they didn't move to disqualify any of them. So I think that they're stuck. And similarly, they complain that the chair of the appeals committee, Mr. Ferrara, did his own, quote, independent study and that this went into the record. They omit to note that that whole episode was created by them because Mr. Camarda wanted to inject at the appeals level a study he'd done. Mr. Ferrara said, I don't know if I should do that. I don't know how accurate it is. I just, you know, as an exercise, I did my own, and I come up with different results than you. Mr. Ferrara ultimately lets them put in their study. He doesn't put in his, but during the argument, the Camardas attorney cited Mr. Ferrara's study. Now, this is classic invited error if I've ever seen it. So what are we left with? We're left with the argument that there's a breach of the implied duty of good faith and fair dealing. Again, the D.C. law is well established, and you have to show conduct that is either arbitrary or where there's some sort of personal bias or animus. There is no evidence of that in this case. The Camardas have not proffered any at any point. All they've ever proffered is an argument based on selective enforcement that they think that they should be allowed to argue, that they should be entitled to a jury trial in federal court so that they can argue to a jury that the way CFP board approached its enforcement was somehow unfair. The law does not support that, and the district court was spot on in saying there is no selective enforcement right with respect to contracts. And the courts, including the Supreme Court and Heckler v. Cheney, have said that courts are ill-suited to do that. I mean, as a blanket statement, the idea that there can never be selective enforcement vis-a-vis contracts doesn't seem right because it depends on what the contract says. I suppose if the contract had a provision in it that said we will never selectively enforce, then you could have that, Your Honor. Or if it had provisions that would be construed to suggest that in certain situations going after a particular set of institutions is beyond the contract. Potentially, Your Honor. I would agree with that, but there's been no such provision pointed to in this case. So unless the court has any questions on that, I think that disposes of the Quarters' appeal and brings me to the CFP board's cross-appeal, which I'll address briefly. Once CFP board... Your argument is that that is de novo before us because it was a decision on mootness rather than a discretionary judgment of the district judge. Yes, Your Honor. There were a number of accumulated discovery motions that were pending at the time we filed for summary to see if people would file for summary judgment. The district court put a hold on all of them and said no further discovery until I rule on summary judgment. And notwithstanding that, our allegation in the motion for sanctions was that the Comardes and counsel deliberately violated that by using the sham of an unrelated case in Florida to take discovery that clearly related to this case. So we filed that motion, and the court basically sort of swept it up with all the other pending discovery motions when it ruled on summary judgment and said they're all moot. Well, that motion clearly is not moot. The court has discretion in how it deals with it, but the court has to address it on its merits. If they win on the merits, do you care about the other case, the other addition? If they could get money, of course they'd care. Not necessarily. Thank you, Your Honor. Maybe they don't care. We'll give you one minute, Mr. Stewart. One minute. Phillips. While Mr. Gordon was up here, I checked, and I did want to make sure that I noted for the record CAM Act 00076-90 is the evidence that we are pointing to, and it is still under seal. Okay. Thank you. So the reference to Mr. Ferrara until now has been under seal, but yes, that's simply an example of him not following the rules that the board wrote in terms of how to conduct yourself as a member of the appeals committee. The cross-appeal is simply disposed of by—it was a discovery motion. The district court below is entitled to wrap that up and get rid of that as it sees fit. That's what it did. The cite in the cross-appeal by the board is to a mootness as to claims. The case involved mootness where a court got rid of claims. This is discovery. The court has the wide discretion. There's no abuse of discretion here, and so the cross-appeal should be denied. Lastly, the arbitrary and capriciousness, the singling out, the selective enforcement, all these things can constitute breach of an express covenant of good faith, and that's what they are, and that's simply all we're saying. Again, the gatekeeper function of the court in ruling on summary judgment and disposing of the whole case says nothing about that evidence, and it should have at least been viewed in the light most favorable to the appellants and the claims proceeded forward. Thank you.  The case is submitted.
judges: Srinivasan, Wilkins, Silberman